**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

AIDA RODRIGUEZ,

    Plaintiff,

    v.

HENRY SCHEIN, INC.,

    Defendant.

Civil No. 11-1129 (GAG)

**OPINION AND ORDER**

Plaintiff Aida Rodriguez ("Plaintiff") filed a complaint against Henry Schein, Inc. ("Defendant") alleging age, gender, and disability discrimination, retaliation and wrongful termination. The action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*; and the Age Discrimination in Employment Act, 42 U.S.C. §§ 621 *et seq.* Plaintiff also brings supplemental state law claims alleging violations of Puerto Rico Law 80 of May 30, 1976, P.R. Laws Ann. tit. 29, §§ 185a *et seq.*; Puerto Rico Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29, §§ 146 *et seq.*; Puerto Rico Law 44 of July 2, 1985, P.R. Laws Ann. tit. 1, §§ 501 *et seq.*; Puerto Rico Law 69 of July 6, 1985, P.R. Laws Ann. tit. 29, §§ 1321 *et seq.*; and Articles 1802 and 1803 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, §§ 5141, 5142.

Presently before the court is Defendant's motion to dismiss Plaintiff's retaliation claim (Docket No. 14). Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on grounds of failure to exhaust administrative remedies. Plaintiff opposed the motion (Docket No. 25). After reviewing these submissions and the pertinent law, the court **GRANTS** Defendant's motion to dismiss at Docket No. 14.

**I.    Legal Standard**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st

Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

**II.     Factual and Procedural Background**

Plaintiff was employed by Defendant from February 1998 until she resigned on January 29, 2010. (See Docket Nos. 1 ¶¶ 4, 42; 9 ¶¶ 4, 42.) Plaintiff filed a charge of discrimination with the Anti-Discrimination Unit of the Commonwealth of Puerto Rico Department of Labor ("ADU") on March 23, 2010, checking 'sex' and 'age' under cause of discrimination. (See Docket No. 32-1 at 1.) On May 18, 2010, Plaintiff amended her charge of discrimination to include disability as a cause of discrimination. (See Docket No. 32-2.) The Equal Employment Opportunity Commission ("EEOC") issued a right to sue letter on November 5, 2010. (See Docket Nos. 14-5; 1 ¶ 43; 9 ¶ 43.)

Plaintiff filed the instant complaint against Defendant on February 3, 2011 (Docket No. 1) alleging age, gender, and disability discrimination, retaliation and wrongful termination. On April 25, 2011, Defendant filed a motion to dismiss Plaintiff's Title VII retaliation claims for failure to exhaust administrative remedies (Docket No. 14). Plaintiff responded with a motion in opposition

**Civil No. 11-1129 (GAG)**                                             3

(Docket No. 25).

## III. Discussion

In its motion to dismiss, Defendant contends that Plaintiff's Title VII retaliation claim should be dismissed because it was not previously filed with the appropriate administrative agency. Defendant argues that Plaintiff's administrative charge before the ADU cannot raise such a claim, nor can such a claim be within the "scope of the investigation," because the ADU has no subject-matter jurisdiction over Title VII retaliation claims. Defendant maintains that, in order to exhaust administrative remedies, Plaintiff needed to file her Title VII retaliation claim with the EEOC. In her opposition, Plaintiff asserts that if a charge of retaliation was filed with the ADU, or if such a claim was discovered in the ADU's investigation, it should have been referred by the ADU to the EEOC. Plaintiff also argues that Defendant's motion to dismiss requires the court to consider the ADU file and, thus, should be considered a motion for summary judgment.

### A.    Motion to Dismiss v. Summary Judgment

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). However, there is "a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" Alt. Energy, Inc., 267 F.3d at 33 (quoting Watterson, 987 F.2d at 3). A plaintiff's administrative charge filed with the EEOC or the ADU "may be considered either as a matter referenced in the complaint or as a public record subject to judicial notice." Maldonado-Cordero v. A T & T, 73 F. Supp. 2d 177, 185 (D.P.R. 1999) (citing Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986)). Therefore, the court will consider Plaintiff's administrative charge without converting the motion to dismiss into a motion for summary judgment. See Barber v. Verizon New England, Inc., 2005 WL 3479834 at *1 n.1 (D.R.I. Dec. 20, 2005) ("While a court deciding a Rule 12(b)(6) motion is normally constrained to consider only the plaintiff's complaint, a court may nonetheless take into

**Civil No. 11-1129 (GAG)**                4

account a document whose contents are linked to the complaint . . . such as a charge of discrimination filed with the [EEOC], without converting the motion into a summary judgment request.") (citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998)).

### B.    Failure to Exhaust Administrative Remedies

#### 1.    Appropriate Administrative Agency

"Before an employee may sue in federal court on a Title VII claim, he [or she] must first exhaust administrative remedies." Franceschi v. U.S. Dep't of Veteran Affairs, 514 F.3d 81, 85 (1st Cir. 2008) (citing Love v. Pullman Co., 404 U.S. 522, 523 (1972)). "The Title VII administrative process begins with the filing of an administrative charge before the EEOC." Franceschi, 514 F.3d at 85 (citations omitted). "In 'deferral states,' or states with a certified Fair Employment Practice Agency ('FEPA'), this process begins when a claimant files a charge of discrimination with either the state FEPA, in this case the ADU, or with the EEOC." Perez Cordero v. Wal-Mart PR, Inc., 235 F. Supp. 2d 95, 100 (D.P.R. 2002) (citations omitted).

The ADU is considered a FEPA agency, except for "all charges alleging violations of [Title VII's anti-retaliation provision,]" in which case "it shall be deemed a Notice Agency." 29 C.F.R. § 1604.74. Because the ADU is not a "deferral" agency with respect to a Title VII retaliation claim, "the EEOC has jurisdiction to investigate and resolve the claim, but the [ADU] does not." Silva, 849 F. Supp. at 831; see Velez v. Marriott PR Mgmt., Inc., 590 F. Supp. 2d 235, 262 (D.P.R. 2008) ("The Puerto Rico Anti-Discrimination Unit of the Department of Labor has no jurisdiction over Title VII retaliation claims."). Nevertheless, in their Worksharing Agreement, "the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not [within the jurisdiction of] the agency that initially receives the charges." Lopez-Machin v. Indupro, 668 F. Supp. 2d 320, 325 (D.P.R. 2009). "[T]he Worksharing Agreement also establishes that Title VII charges filed with the Commonwealth are considered dual-filed, and 'vice versa.'" Id. (citations omitted). Accordingly, Plaintiff's filing of an administrative charge with the ADU (Docket No. 32-1) satisfies her requirement to file with the EEOC. In addition, the court notes that Plaintiff's amended charge is clearly marked as a dual filing with the ADU and the EEOC, identifying each with different charge numbers. (See Docket No. 32-2.)

### 2. Proper Notice of Claim

The purpose of filing an administrative charge as a prerequisite to commencing a civil action is to provide defendants "with prompt notice of the claim and to create an opportunity for early conciliation." Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996). "The scope of the civil complaint is accordingly limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge." Thornton v. United Parcel Serv., Inc., 587 F.3d 27, 32 (1st Cir. 2009) (quoting Powers v. Grinnell Corp., 915 F.2d 34, 38 (1st Cir. 1990)) (internal quotation marks omitted). "[T]he scope of a civil action is not determined by the specific language of the charge filed with the agency, but rather, may encompass acts of discrimination which the [agency] investigation could reasonably be expected to uncover." Thornton, 587 F.3d at 32-33 (quoting Davis v. Lucent Techs., Inc., 251 F.3d 227, 233 (1st Cir. 2001)) (internal quotation marks omitted). According to this "scope of the investigation" rule, "the exact wording of the charge of discrimination need not presage with literary exactitude the judicial pleadings which may follow." Davis, 251 F.3d at 233 (citations omitted) (internal quotation marks omitted). A claim may survive dismissal if the facts in the charge should have alerted the agency of an alternative basis of discrimination, which should have been investigated, "regardless of whether it was actually investigated." Id. "[T]he critical question is whether the claims set forth in the civil complaint come within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" Fantini v. Salem State Coll., 557 F.3d 22, 27 (1st Cir. 2009) (citations omitted).

"A claim of retaliation for filing an administrative charge with the EEOC is one of the narrow exceptions to the normal rule of exhaustion of administrative remedies." Franceschi, 514 F.3d at 86. In Clockedile v. New Hampshire Dep't of Corrections, the First Circuit held that "retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency –e.g., the retaliation is for filing the agency complaint itself." 245 F.3d 1, 6 (1st Cir. 2001). The fact that a retaliation claim may be preserved even though a plaintiff failed to exhaust the administrative requirement indicates "the First Circuit's concern with retaliatory conduct . . . which arises after, if not as a result of, an employee's invocation

**Civil No. 11-1129 (GAG)**                                6

of the EEOC process." Munoz Rivera v. Walgreens Co., 428 F. Supp. 2d 11, 22 (D.P.R. 2006) (quoting Kenney v. MML Investors Servs., 266 F. Supp. 2d 239, 245-46 (D. Mass. 2003)) (internal quotation marks omitted).

"The rule does not, however, provide a plaintiff with an unlimited license to extend his [or her] claim endlessly beyond the bounds and parameters encompassed by the administrative charge." Thornton, 587 F.3d at 32. "Where the retaliatory act is claimed to have occurred prior to the filing of a charge, as is the case here, and the plaintiff fails to allege a retaliation claim in the subsequent charge, the retaliatory act will not reasonably relate to the charge." Velazquez Rivera v. Danzig, 81 F. Supp. 2d 316, 327 (D.P.R. 2000) (citing Seymore v. Shawver & Sons, Inc., 111 F.3d 794 (10th Cir. 1997), aff'd in part, 234 F.3d 790 (1st Cir. 2000); see Johnson v. Cleveland City Sch. Dist., 344 Fed. Appx. 104, 110 (6th Cir. 2009) ("As a rule, we have found that retaliation does not reasonably grow out of a substantive claim of discrimination if the retaliation occurred before the EEOC charge was filed."); Ndondji v. InterPark, Inc., 768 F. Supp. 2d 263, 279 (D.D.C. 2011) (holding that discrimination and retaliation claims are considered distinct types of claims that must be raised independently if the retaliation occurred prior to the filing of the administrative charge); Crooks v. Wal-Mart Stores of Texas, LLC, 2009 WL 2422330 at *2 (N.D. Tex. Aug. 05, 2009) (finding that although administrative remedies need not be exhausted prior to filing a retaliation claim growing out of a previously filed EEOC charge, "exhaustion is required where the alleged retaliatory acts occurred before filing the charge."); Houston v. Army Fleet Servs., LLC, 509 F. Supp. 2d 1033, 1044 (M.D. Ala. 2007) (holding that if the alleged retaliatory action occurs before the initial EEOC charge is filed, "a plaintiff must exhaust his administrative remedies as to that claim by including factual information in the charge that discloses the factual basis for the retaliation claim."); Wilson v. Palmer House Hilton, 2005 WL 1041319 at *16 (N.D. Ill. Apr. 29, 2005) (finding that a retaliation claim is outside the scope of the charge when the facts supporting the claim occurred before the EEOC charge was filed).

In the present case, Plaintiff's retaliation claim is not a result of filing a charge of discrimination with the ADU. The basis for Plaintiff's retaliation claim is that Defendant allegedly retaliated against her after she complained to her supervisor of discriminatory conduct. According

**Civil No. 11-1129 (GAG)**                                    7

to the complaint, these events occurred in November and December 2009. (See Docket No. 1 ¶¶ 39-40, 57.) Plaintiff stopped working for Defendant in January 2010. She filed her administrative charge in March 2010 alleging sex and age discrimination. (See Docket No. 32-1.) A sworn statement describing the related facts was filed with it. (See id.) The charge was later amended to include disability discrimination. (See Docket No. 32-2.) Because the alleged retaliatory conduct occurred prior to the date on which Plaintiff filed her charge, she was required to include facts about the retaliation claim in the charge if she wished to later litigate such a claim. To hold differently would basically exempt all retaliation claims from Title VII's exhaustion of administrative remedies requirement.

After a careful reading of the administrative charge, the court cannot find any allegation or factual averment that supports Plaintiff's retaliation claim. According to the complaint, Defendant was retaliated against "once she complained to Mr. Ryan about his and Mr. Pares's conduct by continuing the discriminatory actions and intensifying the hostile work environment against her." (See Docket No. 1 ¶ 57.) Particularly, Plaintiff alleges the cancellation of her daughter's health insurance coverage and the imposition of "unrealistic and materially impossible goals to achieve." (See id.)

Plaintiff's charge discusses her belief that she was discriminated against and harassed by Defendant, but gives no indication whatsoever that Defendant engaged in retaliatory behavior.[1] Furthermore, there is no mention of Plaintiff confronting Mr. Ryan about any discrimination on his part or on the part of Mr. Pares. The court understands that a retaliation claim, based on events prior to the EEOC charge, cannot reasonably be within the scope of an investigation when the administrative charge does not mention what protected act elicited the retaliation.

The court finds that Plaintiff's administrative charge does not provide Defendant with prompt

---

[1] Plaintiff's administrative charge states that Mr. Gilmartin Pares engaged in "a pattern of abuse and disrepute" towards Plaintiff "with the support from Mr. Ryan and Henry Schein." (See Docket No. 32-1 ¶¶ 15-16.) The charge mentions the cancellation of her daughter's health insurance coverage as an example of Defendant's discriminatory practices and the imposition of "work conditions that [she] was not going to be able to comply with" as a reason for her constructive discharge. (See Docket No. 32-1 ¶¶ 18-19.)

**Civil No. 11-1129 (GAG)**             8

notice of her Title VII retaliation claim. Plaintiff failed to include any factual allegation of retaliation in her administrative charge, therefore, denying the EEOC the opportunity to investigate and conciliate this claim. Accordingly, the court **GRANTS** Defendant's motion to dismiss Plaintiff's Title VII retaliation claim and **DISMISSES** the same.

### IV.    Conclusion

For the reasons set forth above, the court **GRANTS** Defendant's motion to dismiss at Docket No. 14.

**SO ORDERED**.

In San Juan, Puerto Rico this 8th day of August, 2011.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge